UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY SELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-CV-217 JD |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Court previously remanded this social security appeal to the Commissioner for

further proceedings on plaintiff Timothy Sells' claim for benefits. The Court also awarded

attorneys' fees under the Equal Access to Justice Act in the amount of $5,400. On remand, the

Commissioner made a fully favorable decision on Mr. Sells' claim. That resulted in an award of

past-due benefits in the amount of $52,594. Mr. Sells' attorney now moves for an award of

attorneys' feed under 42 U.S.C. § 406(b). He seeks one quarter of the amount of past-due

benefits ($13,148), less the $6,000 that was awarded to the attorney who represented Mr. Sells

before the agency on remand, for a total award of $7,148. Counsel also represents that he will

return the EAJA award to Mr. Sells upon receipt of that award. The Commissioner does not

oppose this request.

Under § 406(b), an attorney who has successfully represented a claimant in federal court

may receive "a reasonable fee for such representation, not in excess of 25 percent of the total

past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C.

§ 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they

must either refund the EAJA award or subtract that amount from the § 406(b) request. *See*

*Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an

award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The

Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 24.9

hours of attorney time on Mr. Sells' appeal in this Court, and another 7.7 hours of paralegal time.

Even considering only the attorney time, that would result in a rate of about $287 per hour,

which is well within the range of rates that courts have approved in this context. Also, because

counsel received an EAJA award, which will be returned to Mr. Sells upon receipt of an award

under § 406(b), the net cost to Mr. Sells will be only $1,748. Given the excellent result Mr. Sells

achieved through this action, that is very reasonable. Finally, counsel requested only a single,

one-day extension of time to file the opening brief in this case, so he did not engage in any delay

to cause the amount of past-due benefits to accumulate.

The Court therefore GRANTS the amended motion for attorneys' fees under § 406(b) in

the amount of $7,148.00, and ORDERS the Commissioner to pay that amount out of the award

of past-due benefits. [DE 37]. Upon receipt of that amount, counsel shall refund the EAJA award

to Mr. Sells. The Court DENIES the original motion for attorneys' fees as moot. [DE 35].

     SO ORDERED.

     ENTERED:  October 24, 2019

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court
